IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BELOIT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-362 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| KILLION & SONS WELL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

## I. MEMORANDUM

Defendant's Motions for Partial Dismissal (Doc. 3) and to Consolidate (Doc. 5) will be granted.

## BACKGROUND

Defendant provides a variety of on-site services at gas and oil drilling sites throughout the Western District of Pennsylvania. (Complaint (Doc. 1) ("Compl.") ¶ 7). Defendant employed Plaintiff, John Beloit, as a "field employee" from April 2014 until approximately September 2015. (Id. at ¶ 9). Plaintiff initially was hired at a rate of $275 per day, and the rate subsequently was raised to $300 per day. (Id. at ¶ 10). During that period, Plaintiff's fixed work schedule was as follows: nine consecutive days of 12-hour shifts followed by 3 consecutive days off. (Id. at ¶ 11).

Plaintiff brings claims against Defendant under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL"). (Id. at ¶ 1). Plaintiff contends that Defendant violated these statutes

by repeatedly failing to pay him overtime compensation when he worked more than forty hours over the course of a seven-day period. (Id. at ¶¶ 10-13). Defendant moves to dismiss only the WPCL claim. (Doc. 3).

Defendant also requests that this case be consolidated with a pending collective action – Baughman v. Killion & Sons Well Service, Inc., Civil Action No. 15-1143 (W.D. Pa.) – pursuant to Federal Rule of Civil Procedure 42(a)(2). (Mot. to Consolidate Cases (Doc. 5)). Both in Baughman and here, Plaintiffs challenge Defendant's compensation system for its field employees, alleging entitlement to overtime compensation in addition to an agreed-upon "day rate." (Compl. at ¶¶ 12-22; Doc. 1 in 15-1143). Conditional collective-action discovery in Baughman closed on May 6, 2016; the plaintiff's motion for conditional certification is pending;[1] and that motion will be granted, in 15-1143, by way of an order entered contemporaneously herewith.

**ANALYSIS**

Pennsylvania's WPCL "does not create a new right to compensation, but rather, merely establishes a right to enforce payment of wages and compensation that the employer has already legally obligated itself to pay." Scully v. US WATS, Inc., 238 F.3d 497, 516-17 (3d Cir. 2001) (internal citations omitted); see also Pa. Cons. Stat. § 260.1 et seq. Both Pennsylvania courts and the Court of Appeals for the Third Circuit have ruled that, "absent a formal employment contract or collective bargaining agreement, an employee raising a WPCL claim [has] to establish, at a minimum, an implied oral contract between the employee and employer." Braun v. Wal-Mart

---

[1] Although the plaintiff in Baughman purports to seek collective relief under both the FLSA and the PMWA, his motion for conditional certification requests the establishment of a collective ("opt in") action only, not a class ("opt out") action. *See* Doc. 26 in 11-1154. Other than to note that a class action has <u>not</u> been requested, the Court offers no opinion regarding whether PMWA claims properly may be pursued through the collective-action vehicle.

2

Stores, Inc., 24 A.3d 875, 954 (Pa. Super. 2011), aff'd, 106 A.3d 656 (Pa. 2014) (citing De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309-10 (3d Cir. 2003)). "Accordingly, the WPCL is available only for contract-based claims." Barvinchak v. Indiana Regional Medical Center, 2007 WL 2903911, *10 (W.D. Pa. Sept. 28, 2007) (internal citations omitted); see also Obernerder v. Link Computer Corp., 696 A.2d 148, 150 (Pa. 1997) (citation omitted).

Plaintiff avers that all he must do to receive overtime compensation pursuant to the WPCL is to plead the existence of an employment contract, as the duty to pay overtime rates is one that is created and fixed by the FLSA and the PMWA. (Pl. Br. In Opp'n. (Doc. 15 at 7)). Mr. Beloit does not, however, plead that Defendant had a contractual obligation, express or implied, to pay him overtime. As Plaintiff fails to plead the existence of a contract or any other independent source of Defendant's obligation to pay overtime, he has failed to state a claim upon which relief can be granted. See, e.g., Vasil v. Dunham's Athleisure Corp., 2015 WL 1296063, *3 (W.D. Pa. Mar. 23, 2015) ("Careful consideration of the[] seemingly inconsistent lines of authority supports the conclusion that an expressed or implied contractual right is needed to pursue [a WPCL] claim, and a statutory obligation to pay overtime wages based on the misclassification of an employee as exempt falls short of the mark."); Philadelphia Metal Trades Council v. Konnerud Consulting W., A.S., 2016 WL 1086709, at *1 (E.D. Pa. Mar. 21, 2016), (holding that the plaintiff failed to state a WPCL claim, when it alleged that the employer failed to pay overtime wages in violation of the PMWA and declined to allege the existence of a CBA or any contractual obligations). Accordingly, Count III will be dismissed.

Defendant also requests that this case be consolidated with Baughman pursuant to Federal Rules of Civil Procedure 42(a)(2). (Doc. 5). A district court has broad power to consolidate actions that involve a common question of law or fact. A.S. ex rel. Miller v.

3

SmithKline Beecham Corp., 769 F.3d 204, 212 (3d Cir. 2014) (citation omitted). A court should "weigh the benefits of judicial economy against the potential for new delays, expense, confusion or prejudice." Volkay v. Court of Common Pleas of Allegheny Cty., 2015 WL 4953143, at *1 (W.D. Pa. Aug. 19, 2015) (citation to quoted source omitted)

Plaintiff concedes that "there are common questions of law," but argues that "the factual questions . . . are not identical since the plaintiffs are different." (Pl. Br. in Opp'n to Def. Mot. to Consolidate, (Doc. 13) at 6). First, the Court notes that the governing standard contemplates *common* facts, not *identity* of facts. Further, if the Court were persuaded by Plaintiff's arguments, no two cases with distinct plaintiffs ever would be consolidated. The mere fact that the plaintiffs in this case and in Baughman are distinct is insufficient to establish an absence of common facts. See, e.g., Gonzalez v. Owens Corning, 2013 WL 5436963, at *3-4 (W.D. Pa. Sept. 27, 2013) (finding consolidation proper where two cases were based on the same facts and general grievance, and noting that "consolidation will streamline and economize pretrial proceedings, avoid duplication of effort, and prevent conflicting outcomes"). Plaintiffs here and in Baughman share the same legal grievance – they both allege that, under statute, Defendant owes them overtime compensation on top of the day rate for hours that they worked in excess of 40 per workweek. The Court finds that the instant case and Baughman share common questions of law and fact.

Plaintiff next points to the different procedural postures in the two actions and argues that, because this case, brought by an individual plaintiff, can be made ready for disposition significantly sooner than Baughman, consolidation in inappropriate. To be sure, courts have denied consolidation where the cases in question are at such distinct phases that consolidation would cause undue delay in the further-progressed case. See, e.g., Lehman Bros. Holdings v.

Gateway Funding Diversified Mortgage Servs., L.P., 785 F.3d 96, 102 (3d Cir. 2015) (affirming denial of a motion to consolidate "in light of the vastly different stages of the cases," where, in one case, discovery already closed and trial briefs were submitted, and, in the other, the complaint just had been filed). Even assuming consolidation will cause Mr. Beloit some delay, however, such delay would not be undue because (non-certification related) discovery has not begun in either case. The instant case and Baughman are not marked different, procedurally, and for all of the reasons stated above, Defendant's request for consolidation will be granted.[2]

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendant's Motion for Partial Dismissal (**Doc. 3**) is **GRANTED**, and Defendant's Motion to Consolidate (**Doc. 5**) is **GRANTED**. An Order of Consolidation will be entered in

---

[2] Significantly, Plaintiff in this case falls within the collective-action definition in Baughman. Compare Compl. at ¶ 9 (Plaintiff was "a field employee" from April 2014 until September 2015) with Mot. for Condit. Cert. in Baughman (Doc. 26 in Civil Action No. 15-1143) at ¶ 4 (proposing collective-action definition inclusive of same time period). Although Mr. Beloit certainly may decline to "opt in" to the collective action – once certified – it does not follow that his individual claims must be permitted to proceed posthaste. Even were the cases not consolidated, the Court could, in its discretion, have stayed Plaintiff's individual claims in the interests of efficiency, economy and/or to avoid the undue prejudice that may result from Defendant's having to litigate both lawsuits simultaneously. See, e.g., Walney v. SWEPI LP, 2015 WL 5333541, *31 (W.D. Pa. Sept. 14, 2015) ("[t]o the extent individual plaintiffs may attempt to litigate related claims during the pendency of [a] class action, the court[] entertaining [the] individual lawsuits [has] the power to enter stays . . . to address concerns about judicial efficiency and effective case management"); Estrada v. Gomez, 1994 WL 83392, *2 (9th Cir. Mar. 10, 1994) (recognizing same). Indeed, Supreme Court precedent – in recognizing that putative class members are not *required* immediately to proceed in order to preserve their individual claims – counsels against a presumption that one or more collective-action members may insist on proceeding, individually, on their own schedule. See Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 349 (1983) (absent a tolling of putative class members' individual statutes-of-limitation, "[t]he principal purposes of the class action procedure – promotion of efficiency and economy of litigation – would be frustrated") (citation omitted).

5

this case, reflecting that the cases have been consolidated, for pretrial purposes and until further order of Court.

IT IS SO ORDERED.


August 31, 2016                                          s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All counsel of record